

William C. Baton<br>
Phone: (973) 286-6722<br>
Fax: (973) 286-6822<br>
wbaton@saul.com<br>
www.saul.com

June 1, 2021

**VIA ECF**

The Honorable Leda D. Wettre, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

    Re:    *Corcept Therapeutics, Inc. v. Teva Pharm. USA, Inc.*
             Civil Action No. 18-3632 (consolidated)

Dear Judge Wettre:

       This firm, together with Quinn Emanuel, represents Corcept in the above-captioned matter. We write to briefly respond to Teva's May 28, 2021 letter (D.I. 205) and in further support of Corcept's request to extend the June 9 deadline for Corcept's reply in support of its motion for summary judgment as well as its opposition to Teva's unanticipated cross-motion.

       Teva's letter is beset with inaccuracies and ignores the myriad ways in which Teva—not Corcept—has delayed the resolution of this case. Corcept will not burden this Court with a point-by-point response to Teva's baseless accusations. In any event, focusing solely on whether the requested 30-day extension is warranted, Teva's arguments against the requested extension ring hollow. Teva argues that Corcept's request should be denied because Teva "received tentative approval in October 2018, and the 30-month stay expired in August 2020." Teva, however, can launch its generic mifepristone product at any time, and could have done so at any time within the past 10 months. Granting Corcept's requested extension will have no bearing whatsoever on Teva's ability to launch its product. Indeed, that Teva has not yet launched its product speaks volumes about the merits of its case.

       Teva also asserts that Corcept's request for a 30-day extension is "not reasonable." Teva fails to explain how it is "not reasonable" for Corcept to be given an equal amount of time to respond to Teva's cross-motion as Teva received to respond to Corcept's motion. And although the parties "agree that the infringement issue here turns on the language of Teva's proposed package insert," Teva wrongly asserts that it relies solely on the package insert "in asking for summary judgment of non-infringement." Teva omits that its cross-motion is supported by a statement of purportedly "undisputed" material facts, which relies on information and documentation besides Teva's proposed package insert, including expert testimony, inventor

One Riverfront Plaza, Suite 1520 ◆ Newark, NJ 07102-5426 ◆ Phone: (973) 286-6700 ◆ Fax: (973) 286-6800

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Leda D. Wettre, U.S.M.J.
June 1, 2021
Page 2

deposition testimony, and the file history of the patent-at-issue. Corcept seeks only what is fair—the same amount of time Teva received to prepare its response—after which the briefing on this issue will be concluded.

    Thank you for Your Honor's kind attention to this matter.

                                        Respectfully yours,

                                        William C. Baton

cc:    All counsel of record (via e-mail)